1971

EATMAN'S, INC., Appellant v.
MARTIN ENGINEERING, INC., Respondent.

(428 S.E. (2d) 736)

Court of Appeals

*Linda W. Rogers*, Columbia, *for appellant.*

*James Coffas*, Columbia, *for respondent.*

Heard Feb. 23, 1993.

Decided March 15, 1993.

GARDNER, Judge:

This case involves a dispute over an arbitration award. Eatman's, Inc. (Eatman's) and Martin Engineering, Inc. (Martin) agreed to an arbitration of a contract dispute. The arbitrator found in favor of Martin and awarded damages and attorney fees.

Eatman's wrote the arbitrator for clarification of the award of attorney fees. The arbitrator responded that such a request was not in the contract and, therefore, was out of his jurisdiction. The award did not specify an amount of attorney fees. The arbitrator responded stating that he had to have the consent of both parties to reopen the case for clarification. Martin refused to give consent. Almost one year later, the award had not been paid and Martin made a motion to confirm. Eatman's opposed the motion for confirmation based on the ground that it was a motion for modification which should have been brought within ninety days of the arbitration award. The trial judge awarded attorney fees of approximately $4,307. Eatman's appeals the award. We affirm in part and reverse in part.

## DISCUSSION

The dispositive issue in this case is whether the trial court had authority to determine the amount of attorney fees, which were generally awarded by the arbitrator, after the ninety days allowed for appeal had expired. We hold that while the trial court properly confirmed the award, the setting of attorney fees constitutes a modification which occurred beyond the time for appeal.

The Uniform Arbitration Act allows for modification of an award, under certain circumstances, only if application is made within ninety days after delivery of the award to the applicant. S.C. Code Ann. § 15-48-140 (Supp. 1992). Furthermore, the case law clearly prohibits attempts to vacate, modify, or correct an arbitration award once the statutory ninety-day limit has expired. *Taylor v. Nelson*, 788 F. (2d) 220, 225 (45th Cir. 1986) ("once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm."). *See, e.g., Florasynth, Inc. v. Pickholz*, 750 F. (2d Cir. 1984) (three-month limit is absolute). *Contra The Hartbridge*, 57 F. (2d) 672 (2d Cir. 1932) (the court allowed the appellant to assert objections to the confirmation of the award even though they were made more than three months after the filing of the award).

Additionally, the plain language of the statute provides that "[i]f the application [made within ninety days] is granted, the court shall modify and correct the award *so as to effect its intent* and shall confirm the award as so modified and corrected." S.C. Code Ann. § 15-48-140(b) (Supp. 1992) (emphasis added). In the present case, the trial court not only confirmed the arbitration award, it also gave effect to the award by setting a specific amount for attorney fees. We hold that this act was a modification made beyond the ninety-day limitation. We, therefore, affirm the trial court's confirmation of the arbitration award and reverse the award of a specific amount of attorney fees.

For the foregoing reasons, we affirm in part and reverse in part.

Affirmed in part and reversed in part.

SHAW and BELL, JJ., concur.